UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT T. BRUEGGE, Trustee in the Matter of Anthony Clow, Debtor, and ANTHONY CLOW, Individually,

    Plaintiffs,

v.

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and METROPOLITAN CASUALTY INSURANCE COMPANY,

    Defendants.

Case No. 13-cv-1256-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion to dismiss Counts I and II filed by defendant Metropolitan Property and Casualty Insurance Company (Doc. 20). Metropolitan Property and Casualty Insurance Company claims it is not the proper defendant in this case asserting a breach of insurance contract and bad faith failure to pay a claim because it was not a party to the insurance policy. Plaintiffs Robert T. Bruegge, as trustee of the bankruptcy estate of Anthony Clow, and Clow, individually, have responded to the motion (Doc. 21). They assert that Metropolitan Property and Casualty Insurance Company is the parent company of the party to the policy, defendant Metropolitan Casualty Insurance Company, and should be kept in the case for the purpose of facilitating the collection of a judgment against Metropolitan Casualty Insurance Company. It also notes that the insurance policy form was copyrighted by Metropolitan Property and Casualty Insurance Company.

Presumably, Metropolitan Property and Casualty Insurance Company brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Under that rule, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

      Metropolitan Property and Casualty Insurance Company has attached to its motion matters outside the pleadings, namely, the policy declarations page.  Ordinarily, when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may not consider the material unless it treats the motion to dismiss as a motion for summary judgment and gives the parties fair warning that it is doing so and an opportunity to respond.  *See* Fed. R. Civ. P. 12(d). However, there is an exception to this general rule where the attached material is expressly referenced in the complaint and is central to the plaintiffs' claim.  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Minch v. City of Chicago,* 486 F.3d 294, 300 n. 3 (7th Cir. 2007).  In this case, the policy is expressly mentioned in the Amended Complaint, and the declarations page is part of the policy.  The Court therefore will consider the declarations page in deciding the pending motion.

      In addition, where a contract attached to a complaint contradicts allegations in the complaint, the Court may rely on the contract and need not credit the allegations in the complaint.

*See Polzin v. Gage*, 636 F.3d 834, 838 n. 1 (7th Cir. 2011) (*per curiam*) (citing *Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 466 (7th Cir. 2007); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004)).

The allegations in the Amended Complaint and the declarations page are contradictory as to whether Metropolitan Property and Casualty Insurance Company, a corporate affiliate of Metropolitan Casualty Insurance Company, is a party to the relevant policy.  The Amended Complaint contains allegations that it is, but the declarations page, read with the rest of the policy, reflects that it is not.  The Court credits the declarations page and the rest of the policy over the allegations in the Amended Complaint and finds that Clow and Metropolitan Casualty Insurance Company were parties to the policy and that Metropolitan Property and Casualty Insurance Company was not.  Nevertheless, the plaintiffs have sued Metropolitan Property and Casualty Insurance Company for breach of that policy and for bad faith failure to pay Clow's claim.

There is no basis pled in the Amended Complaint for holding Metropolitan Property and Casualty Insurance Company liable for a contract to which it was not a party.  Thus, the plaintiffs have failed to plead facts plausibly suggesting Metropolitan Property and Casualty Insurance Company is liable for any of the claims pled against it.  Accordingly, the Court **GRANTS** Metropolitan Property and Casualty Insurance Company's motion to dismiss (Doc. 20), **DISMISSES** Counts I and II **with prejudice** and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.  Defendant Metropolitan Property and Casualty Insurance Company is terminated as a party to this case.

**IT IS SO ORDERED.**
**DATED:  June 5, 2014**

                                              s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**