UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT T. BRUEGGE, Trustee in the Matter of Anthony Clow, Debtor, and ANTHONY CLOW, Individually,<br><br>    Plaintiffs,<br><br>      v.<br><br>METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY and METROPOLITAN CASUALTY INSURANCE COMPANY,<br><br>    Defendants. | Case No. 13-cv-1256-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the plaintiffs' motion to dismiss the affirmative defenses asserted by defendant Metropolitan Casualty Insurance Company ("MCIC") (Doc. 22). MCIC has responded to the motion (Doc. 23).

**I.    Standard**

As a preliminary matter, the plaintiffs cite Federal Rule of Civil Procedure 12(b)(6) as the authority for dismissal of an affirmative defense. However, the Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted is designed to challenge *claims* for relief, and an affirmative defense is not a claim for relief but a *defense* to a claim for relief. Therefore, Rule 12(b)(6) does not apply to the plaintiffs' request. Rather, a motion to strike under Federal Rule of Civil Procedure 12(f) is the proper authority to dispose of an affirmative defense. The Court will therefore construe the plaintiffs' motion as pursuant to Rule 12(f).

Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The failure to plead an affirmative defense in compliance with the pleading standards of Federal Rules of Civil Procedure 8 and 9 can render an affirmative defense insufficient and subject to striking. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike, however, are generally disfavored because they are often employed for the sole purpose of causing delay. *See id.* For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

## II.  Background

Plaintiffs Robert T. Bruegge, as trustee of the bankruptcy estate of Anthony Clow, and Clow, individually, have sued MCIC for breach of a renter's insurance contract (Count III) and for bad faith failure to pay a claim (Count IV). They allege that Clow suffered loss of or damage to his insured personal property in a fire and that MCIC failed to pay his claim for that loss. In response, MCIC has alleged the affirmative defenses of judicial estoppel and fraud/misrepresentation.[1] MCIC alleges that several months before Clow's loss, he had declared

---

[1] The plaintiffs complain that with respect to Count III, judicial estoppel is the first affirmative defense and fraud/misrepresentation is the second, but with respect to Count IV, fraud/misrepresentation is the first affirmative defense and judicial estoppel is the second. This is

under oath to the Bankruptcy Court that the value of his personal property was $7,340 but claimed a loss of more than $125,000 worth of property in his insurance claim.

### III.     Analysis

The Court will address each affirmative defense in turn.

#### A.     Judicial Estoppel

"The equitable common law doctrine of judicial estoppel prevents a party from asserting inconsistent positions before courts in separate proceedings in order to receive favorable judgments in each proceeding." *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 635 N.E.2d 485, 494 (Ill. App. Ct. 1994).   For judicial estoppel to apply:

> "(1) the two positions must be taken by the same party; (2) the positions must be taken in judicial proceedings; (3) the positions must be given under oath; (4) the party must have successfully maintained the first position, and received some benefit thereby; and (5) the two positions must be totally inconsistent."

*Id.* at 495 (quoting *Parisi v. Jenkins*, 603 N.E.2d 566, 573-74 (Ill. App. Ct. 1992)) (further internal quotations omitted).

MCIC pleads in its affirmative defense that Clow's sworn representation to the Bankruptcy Court that his personal property was worth $7,340 judicially estops him from claiming in this forum that the value of his lost personal property several months later was worth more than $125,000.   The plaintiffs argue this affirmative defense must be stricken because Clow's valuations of his property at the various points in time are only his personal opinions and reflect the difference between the market value of his property for bankruptcy purposes and the replacement value for insurance purposes.

With respect to this affirmative defense, MCIC must satisfy the pleading standard set forth

---

not a sufficient reason for striking either defense to either count since the plaintiffs have not demonstrated prejudice from this inconsistency.   The reasonable reader is well able to understand the nature of the affirmative defenses asserted in each count.

in Federal Rule of Civil Procedure 8(b), which requires a defendant to "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). MCIC has done this. The affirmative defense it pled is sufficient to convey to the average reader in "short and plain terms" why MCIC thinks Clow has made inconsistent sworn statements before two different judicial tribunals. Whether MCIC can actually prove (1) that the statements were statements of fact rather than a personal opinion subject to legitimate change and (2) that the statements are "totally inconsistent" with each other as opposed to statements that compare apples to oranges will be decided at a later stage of this case. Furthermore, the plaintiffs have not demonstrated they will be prejudiced from allowing this affirmative defense to remain in the case.

For these reasons, the Court declines to strike the affirmative defense of judicial estoppel.

B.   Fraud/Misrepresentation

MCIC pleads in its affirmative defense that Clow's insurance policy contained a provision negating coverage where Clow concealed or made a false statement regarding a matter over which he seeks coverage. It argues Clow's valuation of his property at over $125,000 on his proof of loss statement, after valuing it at only $7,340 in bankruptcy proceedings only months earlier, amounts to the kind of false statement that would negate coverage for an otherwise covered claim. The plaintiffs argue this affirmative defense must be stricken because MCIC fails to set forth in its pleading the specific items of property Clow wrongfully claimed as lost or damaged or that he overvalued in his insurance claim. The plaintiffs further reiterate that the difference between the two valuations is a result of the difference between market value and replacement cost.

With respect to this affirmative defense, MCIC must satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a defendant alleging fraud to "state with particularity the circumstances constituting fraud." Generally, pleading "with

particularity" requires a party to describe the "who, what, when, where, and how" of the fraud, although that formulation is not set in stone and may vary based on the facts of a particular case. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

> The particularity requirement ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations. And the requirement dovetails with lawyers' ethical obligations to ensure they conduct a pre-complaint inquiry before signing off on their clients' contentions.

*Id.* at 439.

Again MCIC has satisfied the applicable pleading standard. It has alleged that Clow misrepresented what property he lost and the value of that property when he submitted to MCIC a proof of loss statement in conjunction with his claim arising from the fire. While this description does not include the specific items of property MCIC believes Clow wrongfully included or overvalued in his proof of loss statement, the Court believes the description is specific enough to achieve the purposes of the Rule 9(b) pleading requirement. Indeed, the vast discrepancy between Clow's bankruptcy valuation and insurance valuation – seventeen times higher than the bankruptcy valuation – is enough to show that MCIC's belief in its affirmative defense is not unreasonable or completely baseless, even if it ends up being meritless. The parties will have an opportunity to identify the specific property in issue and to explore the viability of this affirmative defense during discovery. Furthermore, the plaintiffs have not demonstrated they will be prejudiced from allowing this affirmative defense to remain in the case.

For these reasons, the Court declines to strike the affirmative defense of fraud/misrepresentation.

**IV.   Conclusion**

For the foregoing reasons, the Court **DENIES** the plaintiffs' motion to dismiss MCIC's

affirmative defenses pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 22), which the Court construes as a motion to strike affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

**IT IS SO ORDERED.**
**DATED:   June 9, 2014**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**